IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DARREN BOYDSTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-111-D-BN |
| | § | |
| SHERIFF BOB ALFORD, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and an order of reference. The undersigned enters the following findings of fact, conclusions of law, and recommendation.

**Background**

Michael Darren Boydston, proceeding *pro se*, brings this civil rights action alleging that he was denied access to a law library at the Johnson County Jail. *See* Dkt. No. 1 at 4. On January 14, 2014, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 1 & 2. The complaint was originally submitted in the Fort Worth Division of the Northern District of Texas. The case was transferred to the Dallas Division. *See* Dkt. No. 6. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 9. The Court sent written questions to Plaintiff to obtain additional information about the factual basis of this

suit. *See* Dkt. No. 10. Plaintiff answered the questions on February 18, 2014. *See* Dkt. No. 11.

In response to the Court's questions, Plaintiff alleges that he was denied the right to access a law library which, in turn, prevented him from researching the law relevant to criminal charges pending against him and prevented him from filing motions and other court papers. *See* Dkt. No. 11 at 6. By this lawsuit, he seeks unspecified monetary damages and access to a law library. *See* Dkt. No. 1 at 4.

The undersigned concludes that Plaintiff's claims should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

Plaintiff seeks to hold defendants responsible for denying him access to the law library. Such a claim must be analyzed under the more general right of access to the courts, which "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell,* 418 U.S. 539, 579 (1974). The right of access to the courts is also recognized as one aspect of the First

Amendment right to petition the government for grievances. *See California Motor Transp. Co. v. Trucking Unlimited,* 404 U.S. 508, 510 (1972); *Taylor v. Sterrett,* 532 F.2d 462, 470-72 (5th Cir. 1976). Lack of access to legal materials may constitute an unconstitutional infringement on a prisoner's right of access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 828 (1977). To prevail on an access-to-the-courts claim, a prisoner must show an actual injury. *See Lewis v. Casey,* 518 U.S. 343, 349-51 (1996). An injury can be shown when the prisoner demonstrates that the policies or actions of prison officials have hindered his ability to file a nonfrivolous legal claim. *See Christopher v. Harbury,* 536 U.S. 403, 414-22 (2002); *Lewis*, 518 U.S. at 351, 356.

In his answers to the Court's questions, Plaintiff was given the opportunity to set forth any injury that he has suffered due to the denial of access to a law library at the Johnson County Jail. *See* Dkt. No. 11 at 6, 7. Plaintiff states, in essence, that he was deprived of the right to mount a defense against pending criminal charges because he could not research the law and file motions and other documents in his criminal case. *See id.*

Plaintiff concedes that he is represented by a court-appointed attorney in his criminal case. *See id.* at 5. An inmate's constitutional right of access to the courts may be satisfied by providing a court-appointed attorney. *See Bounds*, 430 U.S. at 828. Because this alternative method satisfies constitutional requirements, the alleged fact that Plaintiff has personally been unable to access legal materials during his criminal proceeding does not establish a cognizable claim for denial of access to the courts under

Section 1983. *See id.* at 830-831; *Lewis*, 518 U.S. at 351-52. Consequently, Plaintiff has failed to state a claim for denial of access to the courts.

## Recommendation

Plaintiff's claims should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 15, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE